IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES D. ADAMS,

    Plaintiff,

v.

SANTA CLARA COUNTY SUPERIOR COURT, et al.,

    Defendants.

No. C 12-06276 YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. 1983 against the following Defendants: Santa Clara County Superior Court, Superior Court Judges Rise Jones Pichon and Ron del Pozzo, Court-Appointed Alternate Defenders David Epps and Clinton Morales; Deputy District Attorney Michael Lee; and Drs. Donk and Riley. Plaintiff appears to be making allegations of judicial misconduct, prosecutorial misconduct, and the "mishandeling [sic]" of his case by defense counsel during his state criminal proceedings, specifically those dealing with his competency in 2012. (Compl. at 3.) He also sues Defendants Donk and Riley for submitting "fraudulent" court-ordered psychiatric reports. (*Id.* at 2.) Plaintiff also claims that he has been "falsely imprisoned." (*Id.* at 3.) Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

Plaintiff requests appointment of counsel to represent him in this matter. He has also filed a motion for leave to proceed *in forma pauperis*, which will be addressed in a separate Order.

**DISCUSSION**

**I.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the
2 color of state law committed a violation of a right secured by the Constitution or laws of the United
3 States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

4    *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d
5 696, 699 (9th Cir. 1990).

**II.    Plaintiff's Claims**

   **A.    Claim for Damages Against State Court, Judges, and District Attorney**

   As explained above, Plaintiff names as Defendants the Santa Clara County Superior Court, two superior court judges (Defendants Pichon and del Pozzo), as well as a deputy district attorney (Defendant Lee), alleging that they violated his rights during competency proceedings that took place in 2012.

   Plaintiff's claims against the Santa Clara County Superior Court are barred by the Eleventh Amendment. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff's claims against Defendants Pichon and del Pozzo for actions taken during Plaintiff's state criminal proceedings are barred because state court judges are entitled to absolute immunity from civil liability for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Plaintiff's claims against Defendant Lee are barred because the district attorney is an officer of the court entitled to absolute immunity for his conduct as an advocate during the course of Plaintiff's state criminal proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993).

   In sum, the individual defendants named above are absolutely immune from liability on Plaintiff's claims, and the Eleventh Amendment bars claims against the state court. Accordingly, the complaint does not state a cognizable claim for relief against Defendants Santa Clara County Superior Court, Pichon, del Pozzo, and Lee. Therefore, all claims for damages against these Defendants are DISMISSED.

   **B.    Claim for Damages Against Public Defenders**

   It is well established that a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such

as representing a inmate in competency proceedings, similar to those the instant action. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).  It matters not that the public defender failed to exercise independent judgment or that he or she was employed by a public agency; it is the nature and context of the function performed (or omitted) by the public defender that is determinative under *Polk County*.  *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Therefore, Plaintiff's claims against his court-appointed public defenders, Defendants Epps and Morales, are DISMISSED because they are not proper defendants in this § 1983 action.

Moreover, Plaintiff's allegation of ineffective assistance of counsel calls into question the validity of any ruling that Plaintiff was incompetent to stand trial and that he should be civilly committed until he regained competency.  A claim challenging the validity of a person's confinement by state officials is not cognizable under § 1983 unless and until the commitment order has been reversed on appeal or otherwise invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### C. Claims of Injunctive or Declaratory Relief

As explained above, Plaintiff claims that he has been "falsely imprisoned."  (Compl. at 3.) He also claims that Defendants Donk and Riley falsifying court-ordered psychiatric reports during state criminal proceedings involving his competency.  He seeks injunctive and declaratory relief.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971).  *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  All three elements of *Younger* must be present in order for abstention to be appropriate. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature and only potential for future state judicial proceedings existed).  The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court

judgment be exhausted before federal court intervention is permitted. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975).

Where a district court finds *Younger* abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction and should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) (*Younger* abstention requires dismissal of federal action).

Plaintiff asks the Court for injunctive and declaratory relief for Defendants' alleged mishandling of his case as well as for submitting and relying on false psychiatric reports regarding his competency. These requests for relief would require the Court to interfere with Plaintiff's ongoing state criminal proceedings. Plaintiff may seek this relief in state court. Accordingly, the Court will abstain from addressing Plaintiff's requests for declaratory and injunctive relief and DISMISS his claims to the extent that they seek such relief.

As to Plaintiff's remaining claim for relief in the form of his release from state custody, the Court finds that he has improperly filed this claim in a civil rights action. Traditionally, challenges to prison conditions have been cognizable by way of a § 1983 action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) *superceded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

4

1  Here, Plaintiff seems to challenge his custody because he claims he has been "falsely
2  imprisoned," (compl. at 3), thus he attacks the duration of his confinement. When a state prisoner's
3  § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless
4  the plaintiff can demonstrate that he has succeeded in having the duration of his sentence changed in
5  another forum; i.e., by succeeding with a state or federal habeas petition. This Plaintiff has not
6  done; therefore, he has failed to state a cognizable claim under section 1983. Accordingly, the
7  remaining claim for relief in the form of his release from custody is DISMISSED without prejudice
8  to raising it in a petition for writ of habeas corpus.

**CONCLUSION**

For the reasons set out above, the Court finds that Plaintiff's complaint does not state a cognizable claim for relief against all the named Defendants, some of whom are absolutely immune from suit. Furthermore, Plaintiff's claim for relief in the form of his release from custody is DISMISSED without prejudice to raising it in a petition for writ of habeas corpus. Accordingly, this action is DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

The Clerk of the Court shall enter judgment, terminate as moot all pending motions, including Plaintiff's motion for appointment of counsel, and close the file.

The Clerk shall send Plaintiff a blank habeas corpus form along with his copy of this Order.

IT IS SO ORDERED.

DATED: October 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**