UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. ADAMS, <br>     Plaintiff, <br>   v. <br> SANTA CLARA COUNTY SUPERIOR COURT, et al., <br>     Defendants. | Case No. 12-cv-06276-YGR (PR) <br><br> **ORDER DENYING MOTIONS FOR REINSTATEMENT OF PROCEEDINGS** |

This is a closed civil rights matter. Plaintiff had filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the following Defendants: Santa Clara County Superior Court, Superior Court Judges Rise Jones Pichon and Ron del Pozzo, Court-Appointed Alternate Defenders David Epps and Clinton Morales; Deputy District Attorney Michael Lee; and Drs. Donk and Riley. Plaintiff made allegations of judicial misconduct, prosecutorial misconduct, and the "mishandeling [sic]" of his case by defense counsel during his state criminal proceedings, specifically those dealing with his competency in 2012. Dkt. 1 at 3. He also sued Defendants Donk and Riley for submitting "fraudulent" court-ordered psychiatric reports. *Id.* at 2. Plaintiff also claimed that he has been "falsely imprisoned." *Id.* at 3.

In an Order dated October 30, 2013, the Court found that Plaintiff's complaint "[did] not state a cognizable claim for relief against all the named Defendants, some of whom [were] absolutely immune from suit." Dkt. 17 at 5. Furthermore, the Court determined that Plaintiff's claim for relief in the form of his release from custody was dismissed without prejudice to raising it in a petition for writ of habeas corpus. *Id.*

On July 28, 2014, Plaintiff filed a notice of appeal. Dkt. 24.

On August 21, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction because it was "not filed or delivered to prison officials within 30 days after the district court's judgment

entered on October 30, 2013. Dkt. 26 at 1 (citing 28 U.S.C. § 2107(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional)). On October 3, 2014, the Ninth Circuit issued its mandate. Dkt. 27.

Before the Court are Plaintiff's motions to reinstate proceedings. Dkts. 30, 32. The motions are DENIED as improper. As mentioned above, Plaintiff's complaint was dismissed for failure to state a cognizable claim for relief against all the named Defendants, and his appeal was dismissed by the Ninth Circuit. This Court notes, however, that Plaintiff's claim for relief in the form of his release from custody was dismissed *without prejudice* to raising it in a petition for writ of habeas corpus. Thus, if Plaintiff wishes to purse such a claim, he must file it in a new federal habeas corpus action and be subject to the filing fees. **No further filings will be accepted in this case file as this particular action is closed.**

The Clerk shall send a copy of the Court's habeas corpus petition form and a prisoner's *in forma pauperis* application along with a copy of this Order to Plaintiff.

This Order terminates Docket Nos. 30 and 32.

IT IS SO ORDERED.

Dated: July 29, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge